## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CAMERON WILLIAMS,

      Petitioner,

v.                            CASE NO: 8:11-CV-1913-T-30AEP

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

      Respondents.

_____/

## ORDER

      Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. #1). The Court has considered the petition, Respondents' response (Dkt. #11) and Petitioner's reply (Dkt. #16). Upon review, the Court determines that the petition must be denied.

## BACKGROUND

      Petitioner was charged with sexual battery on a child under twelve years of age. Petitioner's original charge carries a maximum sentence of life imprisonment. Petitioner successfully negotiated a lower charge of attempted sexual battery on a child under twelve and was sentenced in accordance with his negotiated guilty plea on May 29, 2007. Attempted sexual battery on a child carries a maximum sentence of thirty years imprisonment, and petitioner received a reduced sentence of twenty years imprisonment.

      Petitioner filed a belated appeal which was dismissed by the Second District Court of Appeal on October 12, 2007. *Williams v. State*, 967 So. 2d 209 (Fla. 2d DCA 2007). Petitioner

filed a Motion for Postconviction Relief on June 2, 2008.  On January 29, 2010, Petitioner filed an amendment to his Motion for Postconviction Relief, adding two additional grounds.  On September 10, 2010, the post-conviction court denied the first six claims raised by Petitioner, and dismissed the last claim as untimely.   Petitioner appealed, and the state appellate court affirmed the lower court without written decision on August 5, 2011.  *Williams v. State*, 67 So. 3d 215 (Fla. 2d DCA 2011) [table].  The mandate issued September 2, 2011.

Petitioner filed this request for habeas corpus relief in accordance with 28 U.S.C. §2254 on August 22, 2011, raising two claims that his representation constituted ineffective assistance of counsel in violation of his Sixth Amendment right, and another claiming the judgment of conviction constitutes a fundamental miscarriage of justice.

**Timeliness**

This habeas corpus petition is timely filed.  Habeas corpus petitions are governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which establishes a one-year statute of limitations for federal habeas corpus actions.  28 U.S.C. §2244(d)(1).  Under § 2244(d)(2), "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  *Id.*

The statute of limitations begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The expiration of Petitioner's time to file an appeal occurred on June 28, 2007, 30 days after his conviction was entered.  Petitioner filed a notice of belated appeal on August 16, 2007, but pending belated appeals do not toll the statute of limitations unless they are granted. *See Williams v. Crist*, 230 F. App'x 861, 862 (11th Cir. 2006).

Petitioner's motion for belated appeal was dismissed on October 12, 2007. Petitioner filed his 3.850 motion on May 29, 2008, by which time 336 days had expired. The 3.850 motion tolled the one year federal limitation period. Petitioner filed this habeas corpus petition after the appeal decision for his 3.850 motion, but prior to the mandate, which issued on September 2, 2011. Therefore Williams' petition is timely.

## DISCUSSION

Williams' petition claims ineffective assistance of counsel because his attorney failed to schedule competency proceedings prior to Williams entering his plea agreement, and failed to file a motion to dismiss the information filed in Detective Hansen's probable cause affidavit which Williams claims is falsified. Additionally, Petitioner claims the prosecution was based on this falsified affidavit which constitutes fundamental miscarriage of justice.

**GROUND ONE:     Mental Competency at time of Plea Agreement**

Petitioner claims he was not mentally competent at the time he entered his plea agreement. He claims he had a learning disability, made several suicide attempts, and was suffering from withdrawal, and that these conditions prohibited him from assisting in his defense. In its decision on Petitioner's 3.850 motion, the state court held Williams did not put forward sufficient evidence to demonstrate he lacked the mental competency to enter his plea of guilty. This was a reasonable determination by the state court, particularly since Williams had previously testified, under oath, that he was competent.

Petitioner stated he understood the terms of the plea agreement during his plea colloquy. He did not raise any issues at the time aside from his learning disability when asked if he had been diagnosed with any mental illness. The state court found Williams' claim that he was suffering from withdrawal disingenuous since he was in custody for over a year and a half by the

time he entered his guilty plea.

The only issue Williams raised at his plea hearing was his learning disability. This is irrelevant since he stated he understood his plea agreement and what his admission of guilt would implicate. Williams was a senior in college and formerly served in the Air National Guard. These facts support the post-conviction court's conclusion that Williams did knowingly and voluntarily enter his plea of guilty, and that he understood the terms of his guilty plea. Williams' conclusory statements to the contrary are insufficient to overcome this finding.

**GROUND TWO:     Sentence Computation and Probable Cause Affidavit**

Petitioner did not raise any sort of issue pertaining to ineffective assistance of counsel in regard to the information contained in the probable cause affidavit and victim complaints until he filed an amendment to his 3.850 motion on January 26, 2010. This is more than two years after his time for direct appeal expired on June 29, 2007. Under Florida Rules of Procedure, Rule 3.850 motions have a two-year period until a claim is barred. Fla. Rule Crim. Proc. 3.850(b). Since it was barred as a 3.850 motion, the state court treated it as a Rule 3.800 motion which has no time limitation. Thus, this claim is timely here, but fails for lack of merit.

\After pleading guilty a defendant waives his right to a jury trial, to the assistance of counsel, to raise a defense, and the right to confront his accusers. *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709 23 L. Ed. 2d 2d 274 (1969). Furthermore, a guilty plea is an admission of all the elements of a formal criminal charge. *McCarthy v. United States*, 394 U.S. 459, 466, 89 S. Ct. 1166, 22 L. Ed. 2d 418 (1969). Since Williams did enter his plea knowingly and voluntarily, he therefore may not challenge his conviction on constitutional grounds. *See Tollett v. Henderson*, 411 U.S. 258, 266-67, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973).

Williams' guilty plea is an admission of guilt to the reduced charge of attempted sexual battery. Any issues Williams has with his sentence computation are irrelevant since his sentence was agreed upon as part of his plea agreement. Without the plea agreement and resulting reduced charge, Williams was facing a potential life imprisonment sentence for the initial charge of capital sexual battery. Even assuming there were some falsified allegations regarding digital penetration and penetration of the anus, Williams does not contest the other allegations. The uncontested allegations alone would still constitute the initial charge of capital sexual battery.

In sum, Williams knowingly and voluntarily agreed to a twenty-year sentence because it was in his best interest, and it is impermissible for him to now challenge that sentence.

**GROUND THREE:  Miscarriage of Justice**

Petitioner claims he is actually innocent, and that his conviction represents a fundamental miscarriage of justice, but offers no evidence of actual innocence. The class of cases implicating a miscarriage of justice is extremely narrow, and limited to those that show a constitutional violation resulted in the conviction of one who is innocent of the crime. *McCleskey v. Zant*, 499 U.S. 467, 494, 111 S. Ct. 1454, 1470, 113 L. Ed. 2d 517 (1991).

In his petition, Williams asserts Police Detective Hansen filed a falsified probable cause affidavit because it contained allegations that were not in the original victim's affidavit. Williams challenges the accusations that he digitally penetrated the victim or penetrated the victim's anus since these were not in the original complaint. However, he does not challenge the other accusations and offers no evidence to show he is actually innocent of the crime for which he pled guilty.

It is therefore ORDERED AND ADJUDGED that:

1.    The petition for writ of habeas corpus (Dkt. #1) is DENIED.

2.      The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED.

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

F:\Docs\2011\11-cv-1913 deny 2254.docx